## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FARIDA KHAN, | ) | |
| | ) | |
| Plaintiff, | ) | 08 CV 3204 |
| | ) | |
| vs. | ) | |
| | ) | Judge Zagel |
| COUNTRYWIDE HOME LOANS, | ) | Magistrate Judge Denlow |
| | ) | |
| Defendant. | ) | |

### COUNTRYWIDE HOME LOANS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Countrywide Home Loans, Inc. ("Countrywide"), by and through its attorneys,

Bryan Cave LLP, presents the following Answer to the Plaintiff's Complaint:

### I.    Preliminary Statement

1.    This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 et seq., as amended.

ANSWER:    Paragraph 1 states a legal conclusion to which no response is required.  Should a

response be required, Countrywide denies each and every allegation in Paragraph 1.

### II.    Jurisdiction and Venue

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

ANSWER:    Paragraph 2 states a legal conclusion to which no response is required.  Should a

response be required, Countrywide denies each and every allegation in Paragraph 2.

### III.    Parties

3.    Plaintiff, FARIDA KHAN, is an adult individual and citizen of the State of Illinois.

78274.1

ANSWER:     Countrywide lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 3, and therefore neither admits nor denies the

allegations.

4.     Defendant, COUNTRYWIDE HOME LOANS, INC., is a business entity that regularly conducts business in the State of Illinois.

ANSWER:     Countrywide admits the allegations in Paragraph 4.

5.     Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies. Defendant is aware that the credit reporting agencies to whom it is providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

ANSWER:     Countrywide denies the allegations in Paragraph 5.

6.     The inaccurate information of which Plaintiff complains is an account, or tradeline, that reflects Plaintiff's history of credit with the Defendant. Specifically, the Plaintiff asserts that Countrywide Home Loans is reporting a late payment history on Plaintiff's mortgage despite never having made a late payment on the account. Despite providing Defendant with notice to the contrary, Defendant has disseminated information that the account is accurately reported with a late payment history.

ANSWER:     Countrywide denies the allegations in Paragraph 6.

7.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

ANSWER:     Countrywide denies the allegations in Paragraph 7.

8.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

ANSWER:     Countrywide lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 8, and therefore neither admits nor denies the

allegations.

9.     On March 3, 2008, Plaintiff disputed the inaccurate information with Experian Information Solutions, Inc., Equifax Information Services, LLC and Trans Union, LLC by

written communication to its representatives and by following the aforementioned reporting agency's established procedure for disputing consumer credit information. Further, Plaintiff enclosed in her written dispute documents that either proved to Defendant that its information was inaccurate or provided them with evidence that was supportive of Plaintiff's contentions.

ANSWER:     Countrywide lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 9, and therefore neither admits nor denies the

allegations.

10.     Upon information and belief, within five (5) days of Plaintiff notifying the aforementioned credit reporting agency, said agency notified Defendant of Plaintiff's dispute and the nature of the dispute.

ANSWER:     Countrywide admits that, on both March 13, 2008, and March 14, 2008, it

received an Automated Consumer Dispute Verification from two credit reporting agencies.

Countrywide denies the remaining allegations in Paragraph 10.

11.     Defendant then and there owed to Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff.

ANSWER:     Paragraph 11 states a legal conclusion to which no response is required.  Should a

response be required, Countrywide denies each and every allegation in Paragraph  11.

12.     Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

ANSWER:     Countrywide denies the allegations in Paragraph 12.

13.     Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

ANSWER:     Countrywide denies the allegations in Paragraph 13.

14.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a.     Denials of requests for credit;

    b.    Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    c.    Decreased credit score which may result in inability to obtain credit on future attempts.

ANSWER:    Countrywide denies the allegations in Paragraph 14, including subparts (a)-(c).

15.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

ANSWER:  Paragraph 15 states a legal conclusion to which no response is required.  Should a response be required, Countrywide denies each and every allegation in Paragraph 15.

16.    At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

ANSWER:    Countrywide denies the allegations in Paragraph 16.

## IV.    Allegations

### COUNT ONE
### VIOLATIONS OF FCRA v. COUNTRYWIDE HOME LOANS, INC.

17.    Plaintiff re-alleges and incorporates paragraphs 1 – 16 as if fully set forth herein.

ANSWER:    Countrywide incorporates by reference its Answers to Paragraphs 1-16 as it fully set forth herein.

18.    At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

ANSWER:    Paragraph 18 states a legal conclusion to which no response is required.  Should a response be required, Countrywide denies each and every allegation in Paragraph 18.

19.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

ANSWER:    Paragraph 19 states a legal conclusion to which no response is required.  Should a

response be required, Countrywide denies each and every allegation in Paragraph 19.

20.    At all times pertinent hereto, this Defendant was a "person" as that term defined
by 15 U.S.C. § 1681a(b).

ANSWER:    Paragraph 20 states a legal conclusion to which no response is required.  Should a

response be required, Countrywide denies each and every allegation in Paragraph 20.

21.    This Defendant violated sections 1681n and 1681o of the FCRA by engaging in
the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a)    willfully and negligently failing to conduct an investigation of the
inaccurate information that Plaintiff disputed;

(b)    willfully and negligently failing to review all relevant information
concerning Plaintiff's account provided to this Defendant;

(c)    willfully and negligently failing to report the inaccurate status of the
inaccurate information to all credit reporting agencies;

(d)    willfully and negligently failing to properly participate, investigate and
comply with the reinvestigations that were conducted by any and all credit reporting agencies
concerning the inaccurate information disputed by Plaintiff;

(e)    willfully and negligently continuing to furnish and disseminate inaccurate
and derogatory credit, account and other information concerning the Plaintiff to credit reporting
agencies and other entities despite knowing that said information was inaccurate;

(f)    willfully and negligently failing to comply with the requirements imposed
on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

ANSWER:    Countrywide denies the allegations in Paragraph 21, including subparts (a)-(f).

22.    This Defendant's conduct was a direct and proximate cause, as well as a
substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more
fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of
statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other
relief permitted by law.

ANSWER:    Countrywide denies the allegations in Paragraph 22.

## V.    Jury Trial Demand

32. [sic]        Plaintiff demands trial by jury on all issues so triable.

## VI.    Prayer For Relief

WHEREFORE, Plaintiff, FARIDA KHAN, seeks judgment in Plaintiff's favor and damages against the Defendant[s], based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

(e)    An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)    An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g)    Such other and further relief as may be necessary, just and proper.

ANSWER:    As for the unnumbered prayer for relief following Paragraph 32 [sic] of the Complaint, no response is required.  Should a response be required, Countrywide denies each and every allegation, including subparts (a)-(g).

Dated:  July 30,  2008                    Respectfully submitted,

                                          COUNTRYWIDE HOME LOANS, INC.


                                          By:____/s/ Jena Valdetero_____
                                                  One of Its Attorneys


Steven R. Smith, #3128231
Jena M. Valdetero, # 6290948
BRYAN CAVE LLP
161 North Clark Street, Suite 4300
Chicago, Illinois  60601
Telephone:  (312) 602-5000
Facsimile:  (312) 602-5050

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that a true and correct copy of the foregoing document was served via the Court's electronic filing system and via U.S. Mail to the following this 30th day of July, 2008, to the following counsel of record:

Farida S. Khan
7219 N. Campbell Avenue, Unit B
Chicago, Illinois 60645


                                   /s/ Jena Valdetero
                                  Jena Valdetero